NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

The CRACKER BARREL, INC.,
Respondent.

No. 75–1368.

United States Court of Appeals,
Sixth Circuit.

March 15, 1976.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Bernard Levine, Director, N. L. R. B., Region 8, Cleveland, Ohio, for petitioner.

Robert G. Schultz, Jr., Medina, Ohio, for respondent.

Before CELEBREZZE, PECK and McCREE, Circuit Judges.

ORDER

It appears that on March 14, 1975 the National Labor Relations Board applied for enforcement of its November 14, 1974 order and moved for summary judgment, which the Company approved. This Court denied the Board's motion and on August 4, 1975, the Court granted the Board's motion to hold the cause herein in abeyance pending the outcome of certain backpay proceedings relating to the cause. Counsel for the Company did not appear at the backpay hearing before the Administrative Law Judge. On November 20, 1975, a supplemental order was issued by the Administrative Law Judge, to which the Company filed no exceptions. The Board then issued its Supplemental Order of January 5, 1976 adopting the Administrative Law Judge's findings, conclusions and recommendations.

This matter is now before this Court upon motion filed January 23, 1976 by the National Labor Relations Board for summary enforcement of its order of November 14, 1974 finding that the Company violated the National Labor Relation's Act by dis-criminatorily discharging employee Dorothy Esposito and its order of January 5, 1976 fixing specific backpay liability for the violation. The Company has not responded thereto.

Accordingly, IT IS ORDERED that:

A. Respondent Cracker Barrel, Inc., its officers, agents, successors, and assigns, shall:

1. Cease and desist from:

(a) Discharging or otherwise discriminating against any employee in regard to his hire or tenure of employment or any term or condition of employment in order to discourage membership in Meat Cutters District Union 427, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO, or any other labor organization.

(b) Announcing or granting wage increases or other benefits for the purpose of interfering with, restraining, or coercing employees in the exercise of rights guaranteed under Section 7 of the National Labor Relations Act, as amended (hereafter "the Act". (However, nothing in this Order shall be construed as requiring the Respondent to cancel or rescind the wage increase granted its employees in February or March, 1974.)

2. Take the following affirmative action which the Board has found is necessary to effectuate the policies of the Act:

(a) Pay Dorothy Esposito her net backpay of $3,757.60, together with interest on the amount due each quarter at the rate of six (6) percent per annum until the indebtedness has been discharged.

(b) Preserve and, upon request, make available to the Board or its agents, for examination and copying, all payroll records, Social Security payment records, time cards, personnel records and reports, and all other records necessary to analyze and compute the amount of backpay due and paid under the terms of this order.

(c) Notify the Board's Regional Director for Region 8 (Cleveland), in writing, within twenty (20) days from the date of this

Judgment what steps Respondent has taken to comply herewith.